UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DEBORAH K. MACLEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-143 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert Holmes Bell |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed her applications on August 8, 2003 (A.R. 61-63, 245-47), claiming an onset of November 5, 2002. Plaintiff's claims were denied on initial review. (A.R. 31-37, 248-54). Plaintiff requested a hearing before an administrative law judge (ALJ). (A.R. 38-39). Plaintiff later declined to appear and testify at her administrative hearing and elected to present her claims to the ALJ exclusively through documents. On July 16, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 21-29). On January 26, 2006, the Appeals Council denied review (A.R. 9-11), and the ALJ's decision became the Commissioner's final decision. On March 1, 2006, through counsel, plaintiff filed a complaint seeking review of the Commissioner's decision denying plaintiff's claims for DIB and SSI benefits. Plaintiff argues that, "The ALJ committed reversible error by failing to make appropriate inquiries about Plaintiff's lack of representation and about her

decision not to appear at her hearing." (Statement of Errors, Plaintiff's Brief at 8, docket # 9). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision, and that the Commissioner's decision finding that plaintiff was not disabled is supported by substantial evidence. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see*

*Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on November 2, 2002, her alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had severe impairments of a history of alcohol dependence,[1] alcoholic liver disease, chronic obstructive pulmonary disorder, bipolar disorder, and degenerative disc disease of the lumbar spine. Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the Listing of

---

[1]Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism or drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Hopkins v. Commissioner*, 96 F. App'x 393 (6th Cir. 2004); *Snead v. Barnhart*, 360 F.3d 834, 835 (8th Cir. 2004). The claimant bears the burden of demonstrating that alcohol addition is not a contributing factor to her disability. *See Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *see also Rice v. Commissioner*, 169 F. App'x 452, 454-55 (6th Cir. 2006); *Zarlengo v. Barnhart*, 96 F. App'x 987, 989 (6th Cir. 2004). Because the ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis, it was not necessary for the ALJ to make a determination whether plaintiff's alcohol abuse was material to a finding of disability.

Impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. (A.R. 23-27). The ALJ found that plaintiff retained the following residual functional capacity (RFC): "unskilled light work with no climbing of ladders, ropes or scaffolds; no more than occasional climbing of ramps or stairs; no more than occasional stooping or crouching, and no more than frequent balancing, kneeling or crawling; and no concentrated exposure to fumes, odors, dusts, gasses, hazardous machinery or heights." (A.R. 28). Plaintiff's past relevant work as a "cashier-checker, cashier II, or informal waitress did not require the performance of work-related activities precluded by her residual functional capacity." (A.R. 28). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because she was capable of performing her past relevant work. (A.R. 21-29).

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ "committed reversible error by failing to make appropriate inquiries about Plaintiff's lack of representation and about her decision not to appear at her hearing." (Plf's Brief at 8, docket # 9). Upon review, I find that plaintiff's arguments are meritless. The ALJ correctly applied the law, and there is more than adequate support in the record for the ALJ's findings that plaintiff knowingly and voluntarily waived her rights to representation and to personally appear at a hearing. *See Hollon v. Commissioner*, 447 F.3d 477, 488 (6th Cir. 2006); *Stoner v. Secretary of Health & Human Servs.*, 837 F.2d 759, 760-61 (6th Cir. 1988).

Plaintiff was free to represent herself throughout the administrative process. Plaintiff was not required to proceed through counsel. *See Bagby v. Harris*, 650 F.2d 836, 839 (6th Cir. 1981); *see also Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986) ("Duncan was aware of his right to counsel and [] he voluntarily waived that right."). Plaintiff was

also free to present her DIB and SSI claims on the basis of her medical records rather than personally appearing at the hearing she had requested. *Hollon*, 447 F.3d at 488-89 (6th Cir. 2006).

The Sixth Circuit has repeatedly held that "both the Social Security Act and basic principles of due process require that a claimant receive meaningful notice and an opportunity to be heard before [her] claim of disability benefits can be denied." *Hollon*, 447 F.3d at 488; *see Stoner*, 837 F.2d at 760-61; 42 U.S.C. § 405(b). The regulations "confirm that '[A]ny party to a hearing has a right to appear before the administrative law judge . . . to present evidence and to state his or her position.'" 447 F.3d at 488 (quoting 20 C.F.R. § 416.1450(a)). "The same regulation further provides, however, that a party may waive his or her right to appear by 'send[ing] the administrative law judge a waiver or a written statement indicating that [he or she does] not wish to appear at the hearing.'" 447 F.3d at 488-89 (quoting 20 C.F.R. § 416.1450(b)); *see Stoner*, 837 F.2d at 761. The claimant may withdraw a written waiver at any time before the ALJ's decision is mailed. 20 C.F.R. §§ 404.950(b), 416.1450(b).

On March 16, 2004, the Social Security Administration received plaintiff's completed "Request for Hearing by [an] Administrative Law Judge." (A.R. 38). Plaintiff stated that she was proceeding without representation. (*Id.*, ¶ 9). On March 17, 2004, the Social Security Administration sent plaintiff a letter acknowledging its receipt of the hearing request. (A.R. 40). The letter described the hearing process and steps that plaintiff should take in preparation for her hearing. Prominently featured in the letter was a notice to plaintiff of her right to representation:

**Your Right to Representation**

> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing.

> If you decide to have a representative, you should find one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it.
>
> We have enclosed the leaflet 'Social Security and Your Right to Representation.' We are also enclosing a list of groups that can help you find a representative.

(A.R. 40-41). The enclosed "Your Right To Representation" leaflet described how a representative could help plaintiff in the preparation of her claim, how to choose a representative, and the types of fee arrangements permitted by law. The leaflet concluded with a toll-free number and web page that plaintiff could consult if she had questions concerning her right to representation. (A.R. 46-47). Also enclosed with the Social Security Administration's letter was a list of the addresses and telephone numbers of organizations such the State Bar of Michigan Lawyer Referral Service that could help plaintiff obtain a private attorney. (A.R. 42). This document reiterated that "<u>Some private attorneys may be willing to take your case under a fee agreement whereby no fee will be charged unless your claim is allowed</u>. The attorney must first obtain approval from the Social Security Administration for any fee charged." (*Id.*) (emphasis in original). The document listed thirteen organizations that plaintiff should contact if she was unable to pay for legal representation or believed that she would qualify for free representation. It further noted that even if these organizations could not represent plaintiff, they might be able to refer her to a private attorney. (*Id.*).

The Social Security Administration sent plaintiff an "Unrepresented Claimant Docket Letter." (A.R. 45). This letter indicated that plaintiff would soon be asked to provide any additional information she wanted the Administration to consider. This letter also contained a series of paragraphs concerning plaintiff's right to representation:

> Our records show that you are not represented. If you have obtained a representative, please notify our office at once.
>
> IF YOU ARE GOING TO GET A REPRESENTATIVE, YOU MUST ATTEMPT TO OBTAIN ONE PRIOR TO THE HEARING. **YOUR CASE WILL NOT BE POSTPONED MERELY BECAUSE YOU HAVE NOT OBTAINED SOMEONE TO REPRESENT YOU UNLESS YOU CAN GIVE A GOOD REASON FOR YOUR FAILURE TO OBTAIN REPRESENTATION.**
>
> Regardless of whether or not you wish to obtain a representation [sic], you MUST complete the from attached to this letter, indicating whether you intend to obtain representation or whether you intend to waive that right. You MUST return the form attached to this letter within 10 days of receiving this letter. A self-addressed envelope is enclosed for your convenience. Failure to return the form in a timely manner may result in a delay of your case.

(A.R. 45). On March 20, 2004, plaintiff signed the Social Security Administration's form stating that she wanted to proceed with her hearing without an attorney or other representation:

> I wish to proceed with the hearing without an attorney or other representation. I have received your notice advising me that I am entitled to be represented by an attorney or other individual of my choice at my Social Security hearing, and I understand that such representation may be of assistance to me presenting my case. I have also been advised that I may be represented without charge by Legal Aid if I qualify for free legal services. I am, however, waiving my right to representation.

(A.R. 48). She supplemented this response with a handwritten notation: "Legal Aid has a 1 year waiting list. I cannot afford the other lawyers." (A.R. 48). Plaintiff's brief and reply brief place extensive reliance on this handwritten notation.

The administrative record contains more than substantial evidence supporting the ALJ's finding that plaintiff had waived her right to representation. The Social Security Administration sent plaintiff correspondence advising plaintiff of her right to representation. Plaintiff was advised that some organizations might be able to represent her free of charge. She was also advised that even in instances where an attorney would represent plaintiff for a fee, the attorney

could only charge a fee (1) if plaintiff received benefits, and (2) if the Social Security Administration had approved the fee arrangement. Plaintiff was provided with a list of groups that could help her find a representative if she wanted one. The only organization plaintiff claims to have contacted was Legal Aid, apparently on one occasion, months before plaintiff's hearing before the ALJ was scheduled. Plaintiff submitted a written waiver of her right to representation. (A.R. 48). Plaintiff was not unfamiliar with the administrative process, having represented herself in connection with an earlier application for DIB benefits. (A.R. 123). The ALJ's finding that plaintiff knowingly waived her right to representation is well-supported.[2]

Plaintiff's brief asks the court to create new law and impose additional duties on the ALJ before any waiver of representation should be permitted. Plaintiff's attorney argues that plaintiff "must have been" laboring under some misconception regarding attorney's fees, that "this would seem to be just the case in which to apply the *Lashley* doctrine," and justify reversal of the Commissioner's decision because the ALJ did not personally contact plaintiff and provide her with additional advice concerning her right to representation. (Plf's Brief at 9, citing *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1984)). Plaintiff's argument is lacking in legal and factual support. Plaintiff's purported misunderstanding or misunderstandings of her right to representation are not documented. The administrative record and the record before the court are devoid of any affidavit from plaintiff. The request for review plaintiff's attorney filed with the Appeals Council (A.R. 13-15) was not supported by any affidavit from plaintiff describing any

---

[2]Even assuming *arguendo* that plaintiff had not validly waived her right to counsel, plaintiff has not shown that her claims were prejudiced by the absence of counsel. *See McKinney v. Barnhart*, 100 F. App'x 978, 979-80 (5th Cir. 2004).

misunderstanding(s) that plaintiff had concerning her right to representation.[3] Plaintiff's reply brief suggests that plaintiff "apparently believed" that she would have been required to pay an attorney a retainer (Reply Brief at 2), but it is equally plausible that plaintiff was unwilling to have an attorney represent her if representation meant paying a contingency fee on an award of benefits. Plaintiff elected to proceed without representation, her claims were denied, and only afterwards did she claim that she failed to understand some aspect of her right to representation.

Under the rubric of the *Lashley* "doctrine" or "principles" plaintiff distorts the Sixth Circuit's *Lashley* decision beyond recognition. In *Lashley*, the Sixth Circuit addressed serious inadequacies in a hearing conducted by an administrative law judge and found that the ALJ had failed in his duty to develop the record at the hearing regarding the unrepresented claimant.[4] The Court of Appeals never addressed any question concerning the efficacy of a claimant's waiver of a

---

[3]Although an affidavit first submitted in connection with a request for review by the Appeals Council could not properly be considered by this court in determining whether the ALJ's decision was supported by substantial evidence, an affidavit of that type specifically documenting plaintiff's misunderstanding(s) concerning her right to representation could have been considered by the court in determining whether a motion by plaintiff to remand the matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) should be granted.

[4]Lashley had suffered a stroke in 1976 and a second stroke in 1977. He had received disability benefits from August 24, 1976, through September 13, 1977. He had a fifth grade education and had been 57 years old when he filed his second application for DIB benefits. Lashley appeared at his hearing and proceeded without assistance from an attorney. Treating and examining physicians had expressed opinions that Lashley had significant limitations in physical and mental functioning as a result of multiple strokes. The Sixth Circuit found that Mr. Lashley possessed limited intelligence, was inarticulate, and appeared to be easily confused. The court found that the ALJ's questioning of Mr. Lashley was so superficial that it was unlikely to elicit responses accurately reflecting the extent of Lashley's limitations. The entire hearing lasted for less than 30 minutes and the transcript was only eleven pages long. The Sixth Circuit found that under these circumstances, Mr. Lashley had been denied a full and fair hearing. The Sixth Circuit determined that Lashley's evidence of disability was so overwhelming that it remanded the matter to the district court "with directions to instruct the [Commissioner] to award benefits." 708 F.2d at 1054.

right to representation. The Sixth Circuit emphasized that courts should "scrutinize the record with care" where a claimant appears before the administrative law judge without counsel. 708 F.3d at 1052. The Sixth Circuit observed that careful scrutiny under the deferential substantial evidence standard does not invariably result in reversal of the ALJ's decision. *Id.* (citing *Holden v. Califano*, 641 F.2d 405, 408 (6th Cir. 1981)). If anything, *Lashley* supports the Commissioner's decision in this case because the *Lashley* decision expressly acknowledged that a claimant is free to waive her statutory right to representation. *Lashley*, 708 F.2d at 1052 (citing 20 C.F.R. § 404.971 and *McConnell v. Schweiker*, 655 F.2d 604, 606 (5th Cir. 1981)).

Plaintiff takes issue with the validity of plaintiff's waiver of her opportunity to personally appear before the ALJ and provide testimony in support of her DIB and SSI claims. Again plaintiff asks the court to create new law in the name of *Lashley*'s "principles or "doctrine." (Plf's Brief at 9; Reply Brief at 2. docket # 11). There is no need for such judicial innovation. The *Lashley* decision said absolutely nothing about the validity of a claimant's waiver of the right to personally appear before an administrative law judge. Plaintiff's brief and reply brief are devoid of citation or discussion of the Sixth Circuit's *Hollon* and *Stoner* decisions and 20 C.F.R. §§ 404.950(b), 416.1450(b) which establish the standards for this court's review of the ALJ's finding that plaintiff had waived her right to personally appear. "[A] party may waive his or her right to appear by 'send[ing] the administrative law judge a waiver or a written statement indicating that [he

or she does] not wish to appear at the hearing.'" 447 F.3d at 488-89 (quoting 20 C.F.R. § 416.1450(b)); *see Stoner*, 837 F.2d at 761 (noting that the right to appear can be waived).[5]

On June 1, 2004, plaintiff contacted the Social Security Administration by telephone. Plaintiff reported that on April 15, 2004, she had been involved in an automobile accident and had suffered a broken leg and foot. (A.R. 133). The record is devoid of any medical records substantiating any injury suffered by plaintiff in a 2004 car accident.[6] Eight months later, on February 10, 2005, the ALJ issued a notice to plaintiff that her hearing was scheduled for Tuesday, March 22, 2005, at 2:00 p.m. at the Grand Rapids video site of the Office of Hearings and Appeals at 15 Ionia, S.W., Grand Rapids, Michigan. (A.R. 52). Among other things, the hearing notice advised plaintiff that it was important that she attend the hearing, and that if plaintiff did not want to attend that she needed to complete the form stating that she did not wish to appear. The notice further advised, "If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should also call this office to give us his or her name, address, and telephone number." (A.R. 52-57). On February 28, 2005, the Office of Hearing and Appeals received plaintiff's acknowledgment of her receipt of the notice of hearing.

---

[5]Plaintiff not only had the power to waive her right to appear, plaintiff was free to withdraw her waiver at any time before the notice of the ALJ's decision was mailed:
> You may send the administrative law judge a waiver or written statement indicating that you do not wish to appear at the hearing. You may withdraw the waiver at any time before the notice of the hearing decision is mailed to you. . .

20 C.F.R. §§ 404.950(b), 416.1450(b). There is no evidence suggesting that plaintiff sought to withdraw her written waiver at any time before the ALJ issued his decision.

[6]Plaintiff's attorney elected not to offer any such medical records in support of plaintiff's request that this matter be remanded to the Commissioner for a new hearing.

(A.R. 30). Plaintiff's response stated that she would be appearing at the time and place shown on the notice. (*Id.*).

On March 24, 2005, plaintiff completed and signed a waiver of her right to a personal appearance before the administrative law judge. (A.R. 59). The waiver form advised plaintiff of the consequences of waiving her right to a hearing:

- I have been advised of my right to appear in person before an Administrative Law Judge. I understand that my personal appearance before an Administrative Law Judge would provide me with the opportunity to present written evidence, my testimony, and the testimony of other witnesses. I understand that this opportunity to be seen and heard could be helpful to the Administrative Law Judge in making a decision.

- Although my right to a personal appearance before an Administrative Law Judge has been explained to me, I do not want to appear in person. I want to have my case decided on the written evidence.

- I understand that if I do not appear before the Administrative Law Judge, I still have the right to present a written summary of my case, or to enter written statements about the facts and law material to my case in the record.

- If I change my mind and decide to request a personal appearance before the Administrative Law Judge, I understand that I should make this request to the Hearing Officer **before** the decision of the Administrative Law Judge is mailed to me.

- I understand that I have a right to be represented and that if I need representation, the Social Security office or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative.

(A.R. 59). Plaintiff's statement of the reasons she did not want to appear for her March 22, 2005 hearing is set forth verbatim below:

Besides my existing health problems that you know about last 4-15-04 I got hit by a truck as a pedestrian. As a result I still have a broken left leg at the knee joint & the big bone in my calf. Lots of pins & rods & a steel plate. Crushed my right foot also pins in that. Sometimes I still depend on my wheelchair as I can't stand or walk for more than 20 min. max. Because

>of my leg-foot & back, Also I had a closed head injury in severe headaches often.  That is why I am healing so slow.  Severe breaks."
>
>Now I suffer permanent nerve damage (totally gone) and a permanent drop foot.  I use a AFO (ankle-foot orthotic) The rest of my life -- but since I don't wear it 24-7 I often trip over my left foot and sometimes fall like during the night getting up and in the a.m. getting up.  My left leg and right foot are often painful.  Especially walking or standing.  Since my right foot was crushed at the toes where they bend and up my foot I always have pain especially walking or standing.  When I have applied for jobs last month no one will hire me!  My lower back will not allow me to bend-stoop or walk for long.  Now I will not be able to power walk like I was doing when I got hit by a truck.

(A.R. 59-60).  There is no medical evidence in the administrative record supporting the above-described injury claims.  Plaintiff never proffered any such medical records in support of a request for remand to the Commissioner pursuant to sentence 6 of 42 U.S.C. § 405(g).  Nothing in the record suggests that public or private transportation was unavailable to plaintiff for traveling the very short distance between plaintiff's Grand Rapids address and the Grand Rapids video site of the Office of Hearings and Appeals. (A.R. 52).  Plaintiff did not request that her scheduled hearing be adjourned or that the ALJ postpone a decision on her claim for any reason.

On May 2, 2005, the ALJ sent a series or interrogatories to the vocational expert, Jennie Chin, with a copy addressed to plaintiff.  (A.R. 137).  The introductory paragraph of the interrogatories reiterated that plaintiff had waived a hearing and had requested that a determination be made on the basis of the written record.  (A.R. 135).  Plaintiff made no objection to her waiver of hearing until after July 16, 2005, when ALJ issued the decision denying plaintiff's applications SSI and DIB for benefits.

It is undisputed that plaintiff "chose not to attend her hearing." (Plf's Brief at 8). Plaintiff argues that the ALJ "failed to inquire" whether plaintiff knew what she was doing. (*Id.* at 10).  Plaintiff not only signed and dated her March 24, 2005 waiver, her explanation of the reasons

she decided against attending the hearing was two pages long.  Although the administrative record documents plaintiff's longstanding history of alcohol abuse, noting in the record suggests that plaintiff lacked the competency to make her decision against attending the hearing before the ALJ. The record shows that plaintiff obtained her GED in 1991.  (A.R. 84).  Plaintiff's friend, Ms. Bradley, reported that plaintiff was able to use public transportation, shop, pay bills, count change, etc. (A.R. 115).  Plaintiff was familiar with the administrative hearing process, having filed an earlier application for DIB benefits that had been denied after an administrative hearing. (A.R. 87, 123).

In summary, I find that the Commissioner's findings that plaintiff knowingly waived her right to representation and her right to personally appear at the hearing are well-supported.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   January 16, 2007            /s/  Joseph G. Scoville
                                     United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).